**JUDGE KAPLAN**

**13 CIV 5383**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IYKELAND RICKETTS and JAVONA RICKETTS,

                        Plaintiffs,

     -against-

CITY OF NEW YORK,

                        Defendant.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Docket No.:

Plaintiffs, by their attorneys, PARKER WAICHMAN LLP complaining of the defendants

herein, respectfully shows to this Court, and alleges as follows:

### JURISDICTION AND VENUE

1)      This Court has jurisdiction pursuant to 28 U.S.C. Section 1331 due to defendants

violation of Section 42 U.S.C. 1981 and 1983 as well as various provisions of the United States

Constitution.

2)      Venue is proper in this district under 28 U.S.C. Section 1391 because the claims of the

Plaintiff arose in this district and/or Defendant does business in this district.

3)      This Court also has jurisdiction over the matters alleged pursuant to the principles of

supplemental jurisdiction.

### Plaintiffs

4)      Plaintiffs, IYKELAND RICKETTS and JAVONA RICKETTS, are individuals who

reside at 171 Lander Street, Newburgh, New York 12550.

### Defendants

5)      That on December 14, 2012, and at all times herein mentioned, defendant, CITY OF

NEW YORK, was and still is a municipal corporation within the State of New York.

6)     The defendant, CITY OF NEW YORK, has a principal place of business located at 1 Centre Street, New York, New York 10007.

7)     That prior hereto on January 29, 2013, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with the plaintiff's demands for adjustment thereof was duly served on the plaintiff's behalf on CITY OF NEW YORK.

8)     Defendant, CITY OF NEW YORK, refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

9)     That on April 3, 2013, pursuant to a General Municipal Law, a 50-H hearing was held on behalf of the defendant, CITY OF NEW YORK.

10)     That this action is being commenced within one year and ninety days after accrual of this cause of action or within the time allowed by law.

## FACTUAL ALLEGATIONS

11)     That on December 17, 2010, Plaintiff, IYKELAND RICKETTS, pled guilty to a violation charge of PL 240.20 regarding an arrest occurring on September 11, 2010.

12)     That on December 17, 2010, plaintiff, IYKELAND RICKETTS, pled guilty to a violation charge of PL 240.20 regarding an arrest occurring on September 11, 2010 in County of Bronx, State of New York, under Docket 2010BX069414 before the Criminal Court of the City of New York.

13)     That plaintiff IYKELAND RICKETTS' criminal history record contained an erroneous and ministerial error entry indicating plaintiff pled guilty to a violation charge of PL 221.10.

14)     That plaintiff IYKELAND RICKETTS' criminal history record contained an erroneous and ministerial error entry indicating plaintiff pled guilty to a violation charge of PL 221.10 regarding an arrest occurring on September 11, 2010 in County of Bronx, State of New York, under Docket 2010BX069414 before the Criminal Court of the City of New York.

15)     The on March 20, 2010 as a result of the aforementioned ministerial entry error on plaintiff's criminal history record, plaintiff, IYKELAND RICKETTS, was falsely arrested, imprisoned and held in consideration of removal from the United States pursuant to Section 237 (a)(1)(B).

16)     The on March 20, 2010 as a result of the aforementioned ministerial entry error on plaintiff's criminal history record, plaintiff, IYKELAND RICKETTS, was falsely arrested, imprisoned and held at Orange County Jail located at 110 Wells Farm Road, Goshen, New York 10924, in consideration of removal from the United States pursuant to Section 237 (a)(1)(B)

17)     The on March 20, 2010 as a result of the aforementioned ministerial entry error on plaintiff's criminal history record, plaintiff, IYKELAND RICKETTS, was falsely arrested, imprisoned and held at Orange County Jail located at 110 Wells Farm Road, Goshen, New York 10924, in consideration of removal from the United States pursuant to Section 237 (a)(1)(B) from March 20, 2012 to December 14, 2012.

18)     That the defendant, CITY OF NEW YORK's agents, servants and/or employees, failed to properly enter and record plaintiff IYKELAND RICKETTS' guilty violation charge of PL 240.20 on plaintiff's criminal history record, resulting in plaintiff IYKELAND RICKETTS' wrongful imprisonment and deprivation of his civil rights.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C SECTIONS 1981 and 1983
## <u>AND THE NEW YORK STATE CONSTITUTION</u>

19)     Plaintiff repeats, reiterates and realleges each and every allegation contained herein above, with the same force and effect as if set forth at length herein.

20)     That the defendant, CITY OF NEW YORK, has acted indifferently with respect to erroneous and ministerial error entries on criminal history records made by its employees.

21)     That the defendant, CITY OF NEW YORK, has failed to monitor  erroneous and ministerial error entries on criminal history records   made by its employees.

22)     That the defendant, CITY OF NEW YORK, has failed to monitor the Civil Rights violations by its employees.

23)     That the defendant, CITY OF NEW YORK, inadequately supervised its employees with respect to the civil right violations committed against the public at large.

24)     That the defendant, CITY OF NEW YORK, inadequately supervised its employees with respect to civil right violations committed against the plaintiff, IYKELAND RICKETTS.

25)     That the defendant, CITY OF NEW YORK, inadequately supervised its employees with respect to civil right violations committed against the public at large.

26)     That the defendant, CITY OF NEW YORK, inadequately supervised its employees with respect to Federal Constitutional rights violations of the public at large.

27)     That the defendant, CITY OF NEW YORK, inadequately supervised its employees with respect to Federal Constitutional rights violations of the plaintiff, IYKELAND RICKETTS.

28)     That the defendant, CITY OF NEW YORK, failed to supervise its employees with respect to New York State Constitutional rights violations of the public at large.

29)     That the defendant, CITY OF NEW YORK, failed to supervise its employees with respect to New York State Constitutional rights violations of the plaintiff, IYKELAND RICKETTS.

30)     Upon information and belief, there have been numerous complaints and/or grievances made to defendant, CITY OF NEW YORK, concerning its employees violating the civil rights of the public at large.

31)     Upon information and belief, there have been numerous complaints and/or grievances made to defendant, CITY OF NEW YORK, concerning its agents, servants and/or employees violating the constitutional rights of the public at large.

32)     That the aforementioned acts of defendant, CITY OF NEW YORK, violated the civil rights of the plaintiff, IYKELAND RICKETTS.

33)     That the aforementioned, act of defendant, CITY OF NEW YORK's agents, servants and/or employees violated the Constitutional rights of plaintiff, IYKELAND RICKETTS.

34)     That defendant, CITY OF NEW YORK, was alerted that its departments and/or agencies had been violating the Civil Rights of the populace at large.

35)     That defendant, CITY OF NEW YORK, acted indifferently with respect to charges of Civil Rights violations committed by its agents, servants and/or employees.

36)     That defendant, CITY OF NEW YORK, failed to monitor complaints of violations of Constitutional Rights of the populace committed by its agents, servants and/or employees.

37)     Upon information and belief, there have been numerous complaints and/or grievances made to defendant, CITY OF NEW YORK, concerning agents, servants and/or employees violating civil rights of the public at large.

38)   Upon information and belief, there have been numerous complaints and/or grievances made to defendant, CITY OF NEW YORK, concerning its employees violating the Constitutional Rights of the public at large.

39)   That the aforementioned acts were done in the course and scope of "agents, servants and/or employees" employed with defendant, CITY OF NEW YORK.

40)   As a result of the aforesaid, plaintiff, IYKELAND RICKETTS, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## WRONGFUL IMPRISONMENT

41)   Plaintiff repeats, reiterates and realleges each and every allegation contained herein above, with the same force and effect as if set forth at length herein.

42)   That defendant, CITY OF NEW YORK, intended to confine plaintiff, IYKELAND RICKETTS when its agents, servants and/or employees entered a guilty violation of PL 221.10 on plaintiff's criminal history record.

43)   Plaintiff, IYKELAND RICKETTS, was conscious of his confinement at the Orange County Jail, located at 110 Wells Farm Road, Goshen, New York 10924.

44)   Plaintiff, IYKELAND RICKETTS, was conscious of his confinement at the Orange County Jail, located at 110 Wells Farm Road, Goshen, New York 10924 for the period of March 20, 2012 through December 14, 2012.

45)   Plaintiff, IYKELAND RICKETTS, was conscious of his confinement at the Orange County Jail, located at 110 Wells Farm Road, Goshen, New York 10924 for the period of March 20, 2012 through December 14, 2012 as a result of the erroneous and ministerial error entry made by defendant CITY OF NEW YORK's agents, servants and/or employees, indicating plaintiff pled

guilty to a violation charge of PL 221.10 regarding an arrest occurring on September 11, 2010 in County of Bronx, State of New York, under Docket 2010BX069414 before the Criminal Court of the City of New York.

46)     That plaintiff, IYKELAND RICKETTS, did not consent to being confined to Orange County Jail.

47)     That the confinement of IYKELAND RICKETTS, by defendant and/or defendants was not privileged.

48)     That the aforementioned acts were done in the course and scope of "agents, servants and/or employees" employed with defendant, CITY OF NEW YORK.

49)     As a result of the aforesaid, plaintiff, IYKELAND RICKETTS, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR NEGLIGENCE

50)     Plaintiff repeats, reiterates and realleges each and every allegation contained herein above, with the same force and effect as if set forth at length herein.

51)     At all times hereinafter mentioned, the defendant, CITY OF NEW YORK, in its regular course of business hired agents, servants and/or employees.

52)     At all times hereinafter mentioned, the defendant, CITY OF NEW YORK, in its regular course of business trained the agents, servants and/or employees to carry out its functions and/or duties.

53)     At all times hereinafter mentioned, the defendant, CITY OF NEW YORK, in its regular course of business managed the agents, servants and/or employees hired to carry out its functions and/or duties.

54)    At all times hereinafter mentioned, the defendant, CITY OF NEW YORK, in its regular course of business, supervised the agents, servants and/or employees regarding their duties/functions to be carried out throughout CITY OF NEW YORK.

55)    At all times hereinafter mentioned the agents, servants and/or employees of the defendant, CITY OF NEW YORK, were acting within the course and scope of their employment.

56)    The on March 20, 2010, plaintiff, IYKELAND RICKETTS, was falsely arrested, imprisoned and held at Orange County Jail located at 110 Wells Farm Road, Goshen, New York 10924, in consideration of removal from the United States pursuant to Section 237 (a)(1)(B).

57)    The aforesaid false arrest and imprisonment occurred without justification, probable cause, cause or warrant.

58)    The aforesaid was due solely to the negligence, carelessness and recklessness of the defendant CITY OF NEW YORK and of their agents, servants and/or employees and through no fault or lack of care on the part of the plaintiff.

59)    That the defendant was otherwise negligent, reckless, careless and grossly negligent.

60)    That by reason of the foregoing, plaintiff IYKELAND RICKETTS, sustained severe and permanent personal injuries, became sick, sore, lame and disabled, suffered mental anguish, was incapacitated and from attending to his usual duties and may in the future, be so incapacitated and plaintiff was otherwise damaged.

61)    That plaintiff IYKELAND RICKETTS in no way contributed to, caused or provoked the aforesaid incident.

62)    As a result of the aforesaid, plaintiff, IYKELAND RICKETTS, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING

63)    Plaintiff repeats, reiterates and realleges each and every allegation contained herein above, with the same force and effect as if set forth at length herein.

64)    At all times hereinafter mentioned, the defendant, CITY OF NEW YORK, in its regular course of business, hired the employees, agents, servants, and staff that were responsible for making entries on criminal history records.

65)    At all times hereinafter mentioned, the defendant, CITY OF NEW YORK, in its regular course of business, trained the employees, agents, servants, and staff that were responsible for making entries on criminal history records.

66)    At all times hereinafter mentioned, the defendant, CITY OF NEW YORK, in its regular course of business, managed the employees, agents, servants, and staff that were responsible for making entries on criminal history records.

67)    At all times hereinafter mentioned, the defendant, CITY OF NEW YORK, in its regular course of business, controlled the employees, agents, servants, and staff that were responsible for making entries on criminal history records.

68)    At all times hereinafter mentioned, the defendant, CITY OF NEW YORK, in its regular court of business, supervised the employees, agents, servants, and staff that were responsible for making entries on criminal history records.

69)    At all times hereinafter mentioned, the defendant, CITY OF NEW YORK, managed, controlled and supervised the actions of their employees, agents, servants, and staff that were responsible for making entries on criminal history records.

70)     That the negligence of the defendant, CITY OF NEW YORK, consisted in its failure to properly supervise the employees, agents, servants, and staff that were responsible for making entries on criminal history records.

71)     At all times hereinafter mentioned the employees, agents, servants, and staff of the defendant CITY OF NEW YORK, were acting within the scope of their employment.

72)     That by reason of the foregoing, plaintiff IYKELAND RICKETTS, sustained severe and permanent personal injuries, became sick, sore, lame and disabled, suffered mental anguish, was incapacitated and from attending to his usual duties and may in the future, be so incapacitated and plaintiff was otherwise damaged.

73)     The aforesaid was due solely to the negligence, carelessness, recklessness and gross negligence of the defendant, CITY OF NEW YORK, in their hiring, training, supervision, retention and control of their employees, agents, servants and staff and through no fault or lack of care on the part of the plaintiff.

74)     That the defendants were otherwise negligent, reckless, careless and grossly negligent.

75)     As a result of the aforesaid, plaintiff, IYKELAND RICKETTS, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR LOSS OF SERVICES

76)     Plaintiff JAVONA RICKETTS repeats, reiterates and realleges each and every allegation contained herein above, with the same force and effect as if set forth at length herein.

77)   Plaintiff, JAVONA RICKETTS, is the spouse of plaintiff, IYKELAND RICKETTS, and as such is entitled to the society, consortium, companionship and support of the plaintiff, IYKELAND RICKETTS.

78)   That by reason of the foregoing plaintiff, JAVONA RICKETTS, was deprived of the society, consortium, companionship and support of plaintiff, IYKELAND RICKETTS, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff IYKELAND RICKETTS and JAVONA RICKETTS, demands judgment against the defendants in the First, Second, Third, Fourth and Fifth Causes of Action in the amount which exceeds jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Port Washington, New York
       June 26, 2013

Yours, etc.,

By

Fred R. Rosenthal
Parker & Waichman, LLP
Attorney for Plaintiffs
6 Harbor Park Drive
Port Washington, NY 11050
(516)466-6500
File # 3000865

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )

                        : ss :

COUNTY OF NASSAU    )

Fred R. Rosenthal, an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York, affirms the following to be true under penalties of perjury:

I am a member/associate of the firm **Parker Waichman LLP** attorneys for the plaintiff(s) herein.

I have read the foregoing Verified Summons and Complaint and know the contents thereof. Upon information and belief, I believe the matters alleged therein to be true.

The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

The reason this verification is made by deponent and not by plaintiff(s) is that plaintiff(s) reside in a county other than the one in which your deponent's office is maintained.

Dated:       Port Washington, New York
              June 26, 2013

_____
             FRED R. ROSENTHAL